UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JULIE V.,

                                                                                               DECISION AND ORDER

                           Plaintiff,

                                                                                               19-CV-0447L

                            v.

ANDREW SAUL,
Commissioner of Social Security,

                           Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On June 2, 2014, plaintiff, then forty-seven years old, filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging disability beginning March 21, 2007. (Administrative Transcript, Dkt. #7 at 15). Her applications were initially denied. Plaintiff requested a hearing, which was held July 10, 2017 via videoconference before Administrative Law Judge ("ALJ") Sharon Seeley. The ALJ issued an unfavorable decision on January 5, 2018. (Dkt. #7 at 15-21). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 13, 2019. (Dkt. #7 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for further proceedings (Dkt. #11), and the Commissioner has cross moved (Dkt. #12) for judgment on the pleadings, pursuant to Fed. R.

Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the decision appealed-from is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520.

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's health records, which reflect treatment for hypertension, type 2 diabetes mellitus, obesity, sleep apnea, thyromegaly (enlargement of the thyroid gland), reflux esophagitis (gastroesophageal reflux disease, commonly known as "GERD"), and degenerative arthritis of the cervical and thoracic spine. The ALJ observed that objective testing of plaintiff's cervical spine had shown only minor abnormalities, that her echocardiograms and thyroid scans were normal, that her pain was effectively managed with over-the-counter medications such as ibuprofen, and that her daily activities included doing yard work and driving her daughter to and from activities. (Dkt. #7 at 20).

In light of this evidence, the ALJ determined that none of plaintiff's conditions was a "severe" impairment, and thus found plaintiff "not disabled" at step two of the sequential analysis.

I.   **The ALJ's Step Two Finding**

Plaintiff argues that the ALJ erred in declining to find that any of her impairments were "severe" impairment at step two.

Notwithstanding the ordinary meaning of the word "severe," the second step's evidentiary requirement is *de minimis*, and is intended only to screen out the truly weakest of cases. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Thus, a step two finding of "not severe" is only appropriate where "the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect'" on an individual's ability to perform basic work activities. *Rosario v. Apfel*, 1999 U.S. Dist. LEXIS 5621 at *14 (E.D.N.Y. 1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987)). "Basic work activities" are the "abilities and aptitudes necessary to do most jobs," and they include physical and postural functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, sensory functions, and mental functions. 20 C.F.R. §§ 404.1521(b), 416.921(b).

Here, the ALJ noted that although plaintiff claimed to require the use of a cane or walker and to suffer from debilitating pain, her consultative examination with Dr. Samuel Balderman had shown no appreciable limitations. (Dkt. #7 at 19, 269-72). On examination, plaintiff was not using any assistive devices. Her squat was limited to 50%, and her lumbar flexion was limited to 80 degrees, but with good lateral flexion and good rotary movement bilaterally. All other objective assessments were normal, including plaintiff's gait, stance, ambulation, and range of motion of the cervical spine and all extremities. She showed stable joints, full reflexes, no sensory deficits, no joint tenderness or swelling, full (5/5) strength in all extremities, full finger dexterity, and full (5/5) grip strength. Straight leg raising tests were negative bilaterally, and Dr. Balderman found "no . . . abnormality" in plaintiff's thoracic spine. Dr. Balderman opined no limitations other than "mild limitations for sustained physical activities due to poor weight control." (Dkt. #7 at 271).

The ALJ gave Dr. Balderman's opinion "great" weight, and found that there was no evidence of record that any of plaintiff's diagnoses had more than a minimal effect on her ability to perform basic work activities, and thus, none were severe.

Plaintiff argues that: (1) the ALJ's finding that plaintiff's degenerative arthritis of the cervical and thoracic spine was non-severe was not supported by competent medical opinion evidence, because Dr. Balderman's opinion predated and MRI scan which showed cervical and thoracic spinal issues; and (2) the ALJ erred by purporting to give Dr. Balderman's opinion "great" weight," but failing to incorporate it accurately in her severity finding.

With respect to the ALJ's finding that plaintiff's spinal degeneration was non-severe, plaintiff points to April 13, 2016 MRI scans of plaintiff's spine showing "a trace of curvature convex left centered at T5," with "severe spurring" and "calcification of the disc material [i.e., spinal stenosis] suggested at multiple levels," to which Dr. Balderman did not have access because his opinion predated the scans. (Dkt. #7 at 419, 459-62).

Initially, plaintiff's characterization of the MRI scans as inconsistent with Dr. Balderman's findings is unsupported. As the ALJ concluded, Dr. Balderman's opinion was consistent with the other medical evidence of record, including treatment notes before and after the MRI scans which reflect no complaints of, or attempts to treat, any back pain or spinal symptoms related to bone spurs or spinal stenosis, let alone any evidence of specific exertional limitations that resulted therefrom. (Dkt. #7 at 308, 317, 423, 427). There is no reason to conclude that Dr. Balderman's clinical findings or opinion, which were based on plaintiff's medical history and a thorough in-person examination which measured plaintiff's spinal range of motion, reflexes, sensation and strength in all extremities, would have been somehow different had spinal MRI records been available to him.

4

I likewise find no error in the ALJ's incorporation of Dr. Balderman's opinion into her severity finding. Dr. Balderman's opinion as to a "mild" limitation for sustained physical activities due to "poor weight control" did not require the ALJ to conclude that plaintiff's obesity, or any of her other conditions, had a more than a minimal effect on her ability to her perform basic work activities. To the contrary, "an examiner's opinion that a claimant has a 'mild' limitation in an area is 'consistent with [a] finding of nonseverity.'" *Lynette W. v. Commissioner*, 2021 U.S. Dist. LEXIS 44015 at *12 (W.D.N.Y. 2021)(quoting *Wilkins v. Commissioner*, 2019 U.S. Dist. LEXIS 100486 at *13 (W.D.N.Y. 2019)).

In sum, the record simply does not support plaintiff's claim that her alleged impairments "ha[d] more than a minimal effect on h[er] ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *9. *See generally Zongos v. Colvin*, 2013 U.S. Dist. LEXIS 185542 at *10-*11 (N.D.N.Y. 2013) (ALJ's failure to apply correct standard at Step 2 is harmless where "[n]othing in the medical evidence supports a finding that [plaintiff's alleged impairment] cause[d] any functional limitation of ability to perform work-related activities"). The ALJ's conclusion that plaintiff's conditions did not cause greater than minimal limitations was supported by substantial evidence.

## II.     Other Medical Opinion Evidence

Plaintiff also argues that the ALJ erred in declining to give controlling weight to the February 11, 2015 opinion of plaintiff's treating nurse practitioner, James Urgo, who described significant exertional limitations caused by hypertension, obesity, diabetes mellitus, fatigue, decreased memory, and decreased motor strength, including the ability to lift 10 pounds, sit for no more than 4 hours, stand for no more than 30 minutes, and walk for no more than 10 minutes in a workday, among other severe limitations. (Dkt. #7 at 323-27).

As the ALJ noted, Mr. Urgo's opinion was not rendered by an acceptable source, and by its own admission was based entirely on plaintiff's self-reported diagnoses and symptoms rather than on any objective testing. The Court also notes that the limitations specified by Mr. Urgo are inconsistent with the records of his contemporaneous examination of plaintiff, in which plaintiff denied joint pain, swelling or stiffness, and her back was noted to be "normal," and her extremities "unremarkable." (Dkt. #7 at 356-58, February 11, 2015 treatment visit with Mr. Urgo at which "[SSI] paperwork [was] done for ssd"). The dramatic limitations described by Mr. Urgo are similarly inconsistent with the longitudinal treatment records from Bertrand Chaffee Primary Care Center, where Mr. Urgo and others treated plaintiff. *See e.g.*, Dkt. #7 at 347-48 (January 13, 2016 treatment visit with Mr. Urgo: no joint pain, swelling, aches, back "normal"); 350-51 (September 24, 2015 treatment visit: weakness in legs and swelling in feet noted, physical examination otherwise normal); 353-54 (May 15, 2015 treatment visit with Mr. Urgo: positive for joint pain, swelling in legs and feet and slow gait, no spinal complaints, back not examined); 367-68 (February 12, 2015 treatment visit with Mr. Urgo: positive for joint pain and stiffness, but back normal, extremities unremarkable); 373-74 (May 16, 2014 treatment visit with Mr. Urgo: negative for joint pain and swelling, examination normal, plaintiff reports her fatigue is "much better").

As such, the ALJ appropriately declined to give Mr. Urgo's opinion more than little weight. *See Ayala v. Berryhill*, 2019 U.S. Dist. LEXIS 40803 at *15-*16, *24 (S.D.N.Y. 2019)("a nurse practitioner's opinion is not entitled to controlling weight under the regulations . . . [a]n ALJ does not err in giving little weight to a nurse practitioner's opinion where it is inconsistent with treatment records"); *Coger v. Commissioner*, 335 F. Supp. 3d 427, 433-35 (W.D.N.Y. 2018)(same).

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

6

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #11) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 25, 2021.